USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 28 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

XING LIN,
a/k/a "Ding Pa," and
HAO CHAO,
a/k/a "Little Beijing,"

Defendants.

**SUPERSEDING INDICTMENT**
S2 11 Cr. 114 (MGC)

**COUNT ONE**
**(Racketeering Conspiracy)**

The Grand Jury charges:

The Enterprise

1. At all times relevant to this Indictment, XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, and others known and unknown, were members and associates of an organized criminal enterprise led by LIN (the "Ding Pa Organization" or the "Organization"). The Ding Pa Organization engaged in crimes including murder, manslaughter, assault, operating illegal gambling businesses, extortion, collection of debts by extortionate means, and other crimes.

2. The Ding Pa Organization, including its leadership, membership, and associates, constituted an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4) -- that is, a group of individuals associated in fact. This enterprise was engaged in, and its activities affected, interstate and foreign commerce. The Ding

Pa Organization was an organized criminal group based primarily in the Chinatown section of Manhattan that operated in the Southern and Eastern Districts of New York and elsewhere. The Ding Pa Organization constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

The Defendants

3. XING LIN, a/k/a "Ding Pa," the defendant, was a member and associate of the enterprise, the Ding Pa Organization. LIN was, at various times relevant to this Indictment, the leader of the Organization. In that capacity, LIN participated in the operation and management of the enterprise, participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs, and profited from the enterprise's affairs.

4. HAO CHAO, a/k/a "Little Beijing," the defendant, was a member and associate of the enterprise, the Ding Pa Organization. At various times relevant to this Indictment, CHAO participated in the operation of the enterprise. Under the direction of XING LIN, a/k/a "Ding Pa," the defendant, CHAO participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

Purposes of the Racketeering Enterprise

5. The purposes of the enterprise included:

a. Enriching the leaders, members and associates of the Ding Pa Organization through criminal activities;

b. Preserving, protecting, and augmenting the power, territory and financial profits of the Ding Pa Organization, its leaders, members and associates, through the use of intimidation, violence, and threats of physical and economic harm; and

c. Keeping victims and citizens in fear of the Ding Pa Organization, its leaders, members and associates, by committing and threatening to commit physical violence and by causing and threatening to cause physical and economic harm.

Means and Methods of the Enterprise

6. Among the means and methods by which the defendants and other enterprise members and associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a. To protect and expand the enterprise's business and criminal operations, members and associates of the enterprise threatened to assault, and did murder, attempt to murder and assault, persons who engaged in activity that jeopardized (i) the power and criminal activities of the enterprise, (ii) the power of the leaders of the enterprise, and

(iii) the flow of criminal proceeds to the leaders of the enterprise;

b. Members and associates of the enterprise promoted a climate of fear in their victims and the community through violence and threats of violence and economic harm;

c. Members and associates of the enterprise generated income for the enterprise through, among other things, (i) murder; (ii) attempted murder; (iii) manslaughter; (iv) assault; (v) extortion; (vi) collection of debts by extortionate means; and (vii) illegal gambling; and

d. The leaders, members, and associates of the Ding Pa Organization used and obtained firearms, knives, and other weapons to carry out and further its illegal activities.

The Racketeering Conspiracy

7. From in or about at least 1996, up through and including in or about December 2009, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in Paragraphs 1 through 6 above, namely, the Ding Pa Organization, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other

to violate Title 18, United States Code, Section 1962(c), to wit, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), and as set forth below in paragraph 8.

The Pattern of Racketeering

8. The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the enterprise consisted of multiple acts involving:

a. Murder, and conspiracy to commit murder, in violation of New York State Penal Law, Sections 125.25, 105.15, and 20.00;

b. Extortion, in violation of New York State Penal Law, Sections 155.05(2)(e), 155.40, 110 and 105;

c. Operating an illegal gambling business, in violation of New York State Penal Law, Section 225.05, 225.10, 105.05, 105.00, and 20.00; and

d. multiple acts indictable under the following provisions of federal law:

i. Title 18, Unites States Code, Section

1955 (operating an illegal gambling business);

ii. Title 18 United States Code, Section 1951 (extortion); and

iii. Title 18, United States Code, Section 894 (collection of debts by extortionate means).

9. It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

**COUNT TWO**
**(Racketeering)**

The Grand Jury further charges:

10. Paragraphs 1 through 6 of this Indictment are repeated and realleged and incorporated by reference as though fully set forth herein.

11. From in or about at least 1996 up through and including in or about December 2009, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in Paragraphs 1 through 6 above, namely, the Ding Pa Organization, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly did conduct and

participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), to wit, through the commission of the following racketeering acts:

The Pattern of Racketeering

12. The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

**Racketeering Act One:**
**Murder and Conspiracy to Commit Murder**

13. XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, committed the following acts, either one of which alone constitutes the commission of Racketeering Act One:

**A. Murder of Chang Qin Zhou.**

14. On or about July 30, 2004, in the Eastern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did commit an act involving murder, and aided and abetted murder, to wit, with intent to cause the death of another person, LIN and CHAO and others did cause the death of Chang Qin Zhou, in violation of New York State Penal Law, Sections 125.25 and 20.00.

**B. Conspiracy to Murder Chang Qin Zhou.**

15. On or about July 30, 2004, in the Eastern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, and others known and unknown, unlawfully, willfully, and knowingly conspired to murder Chang Qin Zhou, in violation of New York State Penal Law, Sections 125.25 and 105.15.

**Racketeering Act Two:**
**Extortion and Extortion Conspiracy – Bus Company Owners**

16. XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, committed the following acts, any one of which alone constitutes the commission of Racketeering Act Two:

**A. Hobbs Act Extortion Conspiracy**

17. From in or about March 2002, up to and including in or about December 2009, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of other persons, to wit, individuals who owned and operated a bus company, which consent would have been and was

induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Section 1951.

**B. Hobbs Act Extortion**

18. From in or about March 2002, up to and including in or about December 2009, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, individuals who owned a bus company, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, LIN and CHAO extorted and attempted to extort money from individuals who owned a bus company, in violation of Title 18, United States Code, Sections 1951 and 2.

**C. State Extortion**

19. From in or about March 2002, up to and including in or about December 2009, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, and others known and unknown, willfully and knowingly did obtain property by extortion committed by instilling in individuals who owned a bus company a fear that LIN, CHAO, and other persons, would cause physical injury to some person in the future and cause damage to property, in violation of New York State Penal Law, Sections 155.40 and 20.00.

**Racketeering Act Three:**
**Illegal Gambling Business – Mahjong Parlor**

20. In or about 1996, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," the defendant, and others known and unknown, willfully and knowingly did conduct, finance, manage, supervise, direct, and own, all and part of an illegal gambling business, which operated illegal gambling activities, to wit, a mahjong parlor, in violation of New York State Penal Law, Sections 225.05 and 225.10, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross

revenues of $2,000 in a single day, and aided and abetted the same, in violation of Title 18, United States Code, Sections 1955 and 2.

**Racketeering Act Four:**
**Illegal Gambling Business – Tien Lin Parlor**

21. From in or about 1996, up to and including in or about 1997, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," the defendant, willfully and knowingly did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, which operated illegal gambling activities, to wit, a gambling parlor where tien lin and other card games were played, in violation of New York State Penal Law, Sections 225.05 and 225.10, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, and aided and abetted the same, in violation of Title 18, United States Code, Sections 1955 and 2.

**Racketeering Act Five:**
**Illegal Gambling Business – Tien Lin Parlor**

22. From in or about 1999, up to and including in or about 2002, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," the defendant, willfully and knowingly did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, which operated illegal gambling activities, to wit, a gambling parlor where tien lin and other card games were played, in violation of New York State Penal Law, Sections 225.05 and 225.10, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, and aided and abetted the same, in violation of Title 18, United States Code, Sections 1955 and 2.

**Racketeering Act Six:**
**Conspiracy to Collect Debt By Extortionate Means and Collection of Debt By Extortionate Means**

23. XING LIN, a/k/a "Ding Pa," the defendant, committed the following acts, either of which alone constitutes the commission of Racketeering Act Six:

**A. Conspiracy to Collect Debt by Extortion Means**

24. In or about 2001 and 2002, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to participate in the use of extortionate means, as that term is defined in Title 18, United States Code, Section 891(7), to collect and attempt to collect an extension of credit and to punish a person, to wit, a gambling debtor, for the non-repayment of an extension of credit, in violation of Title 18, United States Code, Section 894.

**B. Collection of Debt by Extortionate Means**

25. In or about 2001 and 2002, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," the defendant, and others known and unknown, willfully and knowingly did participate in the use of extortionate means, as that term is defined in Title 18, United States Code, Section 891(7), to collect and attempt to collect an extension of credit and to punish a person, to wit, a gambling debtor, for the non-repayment of an extension of credit, in violation of Title 18, United States Code, Sections 894.

(Title 18, United States Code, Section 1962(c).)

**COUNT THREE**
**(Murder)**

The Grand Jury further charges:

26. On or about July 30, 2004, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, willfully and knowingly, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, namely, extortion and conspiracy to commit extortion, in violation of Title 18, United States Code, Section 1951, did use and carry a firearm, and, in furtherance of such crimes, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and, in the course of that violation of Section 924(c) of Title 18, United States Code, did cause the death of a person through the use of the firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, LIN directed CHAO to shoot Chang Qin Zhou inside a club in Queens, New York, and CHAO did shoot Zhou as well as two bystanders, Mei Ying Li and "Victim-3," killing Zhou and Li, and wounding "Victim-3."

(Title 18, United States Code, Sections 924(j)(1) and 2.)

**COUNT FOUR**
**(Extortion and Attempted Extortion)**

The Grand Jury further charges:

27. From in or about March 2002, up to and including in or about December 2009, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, individuals who owned a bus company, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, LIN and CHAO extorted and attempted to extort individuals who owned a bus company for money.

(Title 18, United States Code, Sections 1951 and 2.)

**COUNT FIVE**
**(Extortion Conspiracy)**

The Grand Jury further charges:

28. From in or about March 2002, up to and including in or about December 2009, in the Southern District of New York and elsewhere, XING LIN, a/k/a "Ding Pa," and HAO CHAO, a/k/a "Little Beijing," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, individuals who owned a bus company, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

Overt Act

29. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a. In or about 2003, XING LIN, a/k/a "Ding Pa," the defendant, called the part-owner of a bus company ("Victim-4") while Victim-4 was located in New York, New York, and threatened Victim-4 with harm if Victim-4 did not increase the amount of money Victim-4 was paying to LIN.

(Title 18, United States Code, Section 1951.)

FOREPERSON 9/28/12

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**- v. -**

**XING LIN, a/k/a "Ding Pa," and**
**HAO CHAO, a/k/a "Little Beijing,"**

**Defendants.**

---

**SUPERSEDING INDICTMENT**

S2 11 Cr. 114 (MGC)

(Title 18, United States Code, Sections 924(j)(1), 1951, 1962(d), 1962(c), and 2.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

[signature] Foreperson.

---

9/28/12 Filed Indictment Warrant Issued
Cott, USMJ