C7q7linc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                    11 Cr. 114 (MGC)

XING LIN,

              Defendant.

------------------------------x

                                    July 26, 2012
                                    11:45 a.m.

Before:

              HON. MIRIAM GOLDMAN CEDARBAUM
                              District Judge

                        APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
BY:  JENNIFER BURNS
    PETER SKINNER
    Assistant United States Attorney

JOEL COHEN
    Attorney for Defendant

ALSO PRESENT:  DANIEL TANG, Interpreter

C7q7linc

1            (Case called)
2            (In open court)
3            THE COURT:  I have just received the superseding
4   indictment, and, Mr. Lin, have you received a copy of the
5   superseding indictment that has been filed against you?
6            THE DEFENDANT:  Yes, yes.
7            THE COURT:  All right.  I think now you should get up,
8   and I'm going to ask you some questions.  Have you had the
9   indictment translated to you?
10           THE DEFENDANT:  Yes.
11           THE COURT:  All right.  And have you discussed it with
12  your lawyer?
13           THE DEFENDANT:  Yes.
14           THE COURT:  Do you understand the charges against you?
15           THE DEFENDANT:  Yes, yes.
16           THE COURT:  I will be glad to explain anything that
17  you do not understand on these charges so that you can decide
18  whether you want to plead guilty or not guilty to them.
19           THE DEFENDANT:  I plead not guilty.
20           THE COURT:  Do you understand the charges well enough
21  to enter pleas?  The first indictment against you had only one
22  count.  This new indictment has three separate charges.
23           THE DEFENDANT:  Yes.
24           THE COURT:  Are you prepared to plead to all of those
25  charges, to enter a plea of guilty or not guilty?

1            THE DEFENDANT:  I plead not guilty.
2            THE COURT:  Count One charges you with extortion.  How
3    do you plead to that charge?
4            MR. COHEN:  Your Honor, on the superseding indictment
5    Count One charges murder.
6            THE COURT:  Oh, wait, just let me see that.  I see,
7    that's the 924(j)?
8            MS. BURNS:  Yes, your Honor.
9            THE COURT:  Yes, all right.  Thank you.  Count One, as
10   your lawyer has pointed out, and as I assume you have discussed
11   together, charges you with the murder of two people.  How do
12   you plead to that charge?
13           THE DEFENDANT:  Not guilty.
14           THE COURT:  Count Two charges you with extortion.  How
15   do you plead to that charge?
16           THE DEFENDANT:  Not guilty.
17           THE COURT:  And Count Three charges you with
18   conspiring to commit extortion.  How do you plead to that
19   charge?
20           THE DEFENDANT:  Not guilty.
21           THE COURT:  Very well.  I will enter your pleas, and
22   you may be seated.
23           Now, is this indictment going to change the length of
24   the trial?
25           MS. BURNS:  No, I don't anticipate it will change the

C7q7linc

1  length, your Honor.
2          THE COURT:  Very well.  Is the defendant prepared to
3  go to trial on the old schedule?
4          MR. COHEN:  No, your Honor.
5          THE COURT:  I'm going to have to really seek out a
6  time when I can try it.  I was giving up part of my vacation to
7  try you this summer.  But of course I have number of other
8  criminal trials scheduled.  How much time do you need, Mr.
9  Cohen?
10         MR. COHEN:  Your Honor, I think that about six weeks
11 would be a reasonable amount of time.
12         THE COURT:  Yes.  Well, I cannot try you in September.
13 The question is when thereafter I can try it.
14         MR. COHEN:  Judge, I would be available in October,
15 but I know Ms. Burns has a wedding scheduled in October.
16         THE COURT:  Are you getting married in October?
17         MS. BURNS:  I am, your Honor.
18         MR. COHEN:  And probably would appreciate not being on
19 trial before or after that.
20         THE COURT:  I would think.  I would think.  The real
21 question is should I put this over until the beginning of
22 January, because I run into problems unless I get a lot of
23 unexpected pleas.
24         MR. COHEN:  Judge, January would be better than
25 starting on August 13.  And it seems like there isn't anything

1     available between now and then.
2             THE COURT:  Well, I'm looking to see if I can somehow
3     substitute you, but if October is the wedding time, it's hard
4     to do it in October, right?  When are you getting married?
5             MS. BURNS:  October 13.
6             THE COURT:  I see.  And then you want to go on a
7     honeymoon.
8             MS. BURNS:  I do have one booked.
9             THE COURT:  So, that takes up most of October.
10            MS. BURNS:  I appreciate the scheduling courtesies,
11    but obviously I defer to defense counsel and defendant on their
12    availability.
13            THE COURT:  Yes, of course.  I am supposed to be in
14    Part I in the beginning of December.  I was going to substitute
15    you for a trial in October, but I'm not going to interfere with
16    a wedding unless --
17            MR. COHEN:  And the court is not available during
18    November?
19            THE COURT:  Let's review what the estimated length of
20    the trial is.
21            MS. BURNS:  Your Honor, I think it's safe for two
22    weeks.  I think we will have all the evidence in within, you
23    know, four trial days, but I expect we will probably go into
24    the next week.
25            THE COURT:  But you do not expect it to make more than

C7q7linc

1    two weeks.
2             MS. BURNS:  No.  Obviously the government is always
3    ready, and I appreciate the courtesies, but it's really up to
4    the defendant as to when --
5             THE COURT:  I understand.  I understand.
6             MS. BURNS:  OK, thank you.
7             THE COURT:  Well, I will try to do it in November, if
8    that's preferable.  You certainly are entitled to a speedier
9    trial, as speedy a trial as you are prepared for.  I will have
10   to bump a much shorter trial that was going to go into
11   November.  If I bump that trial, I could try this case, start
12   the trial on October 30, which would take us into November.
13   Now, when are you coming back?
14            MS. BURNS:  I come back on the 29th, but we can make
15   it work.
16            THE COURT:  Well, I could push that a day, because
17   we're going to have Election Day in the middle of the trial and
18   also Veterans Day.  I think the much shorter trial on the tax
19   protester is something I will have to bump in order to have the
20   time in November, before Thanksgiving that is.
21            Is it the government's view that if we start on the
22   31st, which is a Wednesday, the trial will be concluded by
23   November 16?  Do you have a calendar in front of you?
24            MS. BURNS:  Your Honor, I think we can be completed
25   the 16th.

1          THE COURT:  Do you think we will get a jury verdict by
2     the 16th?  You don't know.
3          MS. BURNS:  Right.
4          MR. COHEN:  Judge, let me just note that in terms of a
5     defense case, at this point I'm contemplating possibly only
6     calling the detectives that originally investigated this case,
7     who are or were then members of the New York City Police
8     Department.  I don't know who they are.  I would only ask that
9     the government find out whether they are still employed by the
10    police department and, if not, make arrangements for me to be
11    able to contact them.
12         MS. BURNS:  We will certainly do that, your Honor.
13    Most of the officers and detectives involved have since
14    retired, so we will provide the contact information to defense
15    counsel.
16         THE COURT:  Very well.  Remind me, how many witnesses
17    is the government contemplating?
18         MS. BURNS:  Approximately ten, your Honor.
19         THE COURT:  Because of the two holidays that are
20    interrupting the trial, I think I may have to start on the
21    30th.
22         MR. COHEN:  To the extent that some of the witnesses
23    may be pathologists, or medical examiners or witnesses of that
24    nature, we may be able to read stipulations to obviate the need
25    to call them.

1                THE COURT:  Yes, I'm talking about the outside date.
2                MR. COHEN:  I understand.
3                THE COURT:  Of course it could be shorter, and of
4     course if the jury has a lot of trouble deliberating it may
5     take longer.
6                I think we are safest if we start on the 30th, which
7     is when I had the other trial scheduled to start, which is a
8     Tuesday.  And by Tuesday morning we should get a jury panel
9     pretty promptly because the criminal cases take priority.
10               Well, if I schedule it for January 7, there is no
11    impediment to going as long as necessary.  That is, there is no
12    holiday blocking it.  Well, there is one holiday during that
13    period, but I can give you a longer period.
14               MR. COHEN:  Your Honor, may I ask why, if we weren't
15    at the end of October we would have to conclude by November 16?
16    Does your Honor have another trial scheduled thereafter?
17               THE COURT:  Oh, wait a minute.  Is that what I said?
18               MR. COHEN:  Yes.
19               THE COURT:  No.  But if you want to celebrate
20    Thanksgiving, which the jury will want -- no, that's not until
21    the 22nd.
22               MR. COHEN:  Right.  I certainly think that starting in
23    October would be preferable to starting in January.
24               THE COURT:  I do too, because I'm interested in speedy
25    trials.  Well, we can't help it; there are a lot of holidays

1    this year, including Election Day.

2            So, yes, if we start on October 30, that gives us -- I
3    guess when you say two weeks, I just wonder whether it will
4    take only two weeks.  But we will take that risk, because I
5    agree with you it should be promptly tried.

6            Very well.  We will select a jury on October 30 at
7    9:30 in the morning.  I should tell you that I use the struck
8    panel method, which means that I will question enough potential
9    jurors to provide for a jury of 12, and at that time of year I
10   will take six alternates, which means we will select 18.  And I
11   will question enough jurors so that after I have completed the
12   questioning, I will take counsel into the robing room, and you
13   will exercise your challenges in rounds.  First you will
14   challenge for cause.  I will include enough jurors I hope to
15   make it possible, even if there is cause, to end up with 12
16   jurors and six alternates.  Then we will do it in three rounds.

17           In the first round the government will challenge -- if
18   you have that many challenges -- three challenges peremptorily;
19   the defendant three.  No, the defendant has to challenge more.
20   Defendant will challenge four in the first round, four in the
21   second round and two in the third round.  The government will
22   challenge -- this is peremptorily -- three in the first round,
23   two in the second round and one in the third round, which will
24   give you each whatever peremptory challenges you are entitled
25   to under the law.  I take peremptory challenges simultaneously,

1  that is, you will each give me at the same time the jurors that
2  you challenge.
3              MR. COHEN:  Your Honor, may I suggest, having spent
4  about five years in the Homicide Bureau of the DA's office,
5  that we get as large a venire as possible, because when the
6  charge is murder I think that many, many more jurors will seek
7  to opt out.
8              THE COURT:  I agree with you.  I agree with you.  I
9  take it the death penalty is not being sought.
10             MS. BURNS:  That's correct, your Honor.
11             THE COURT:  No, that I agree with.  That's closer to
12 the time when we will submit a request for the number of
13 jurors.  But the trial will not be so lengthy that I am
14 concerned about efforts to avoid the trial based on other
15 grounds.  The first day we will convened at 9:30 so that we can
16 do any other housekeeping matters before the panel comes,
17 because we will not get a panel before 10 o'clock.  But
18 thereafter we will convened trial at 10 in the morning.  And I
19 will tell the jurors that if they come at 9:30, they will get
20 muffins and coffee, so we can start promptly at ten.  I have
21 found that to be an efficient way to start at ten.
22             All right.  I do want proposed jury charges, but as I
23 told you before I don't need boilerplate.  I am interested only
24 in substantive charges, and goodness knows the government has
25 more than enough of my charges without giving me the original

1   of the adaptation.
2           Now, technically you are entitled to be tried within
3   70 days after the superseding indictment.  Since this is
4   probably is more than 70 days I want to be sure that the
5   defendant agrees that you require the time between now and
6   October 30th for proper preparation for your defense, such that
7   the time required outweighs in the interests of justice both
8   the defendant's and the public's right to a speedy trial.
9           Do you agree to that, Mr. Lin?
10          THE DEFENDANT:  Yes.
11          THE COURT:  All right.  I will adopt that finding and
12  exclude the time between now and October 30 from the speedy
13  trial clock.
14          Now, what else?  Has discovery been completed?
15          MS. BURNS:  It has, your Honor.  If we uncover any
16  additional evidence, we will turn it over promptly.  We also
17  provided 404(b) notice to the defendant based on information
18  available at this time.
19          Your Honor, what date do you want the request to
20  charge?
21          THE COURT:  I will tell you in just a moment.
22          MS. BURNS:  Thank you.
23          THE COURT:  Is there any reason why both sides cannot
24  provide those by September 14?
25          MS. BURNS:  No, that's fine.

C7q7linc

1    MR. COHEN:  No, your Honor.
2    THE COURT:  Very well.
3    MR. COHEN:  Would your Honor like proposed voir dire
4  at the same time?
5    THE COURT:  Again, I have my own voir dire, but if
6  there is something special about this case that you think
7  requires some particular question, I will certainly consider
8  that.  That is, I don't need standard voir dire questions.
9    MR. COHEN:  No, I know, Judge.
10   THE COURT:  Just questions that have particular
11 bearing on this case.
12   MR. COHEN:  I'm not interested in what people read or
13 things of that nature.
14   THE COURT:  And I don't even ask the jury, because I
15 consider that intrusive.  When people come to do their duty as
16 citizens, they don't have to give up all personal privacy that
17 has nothing to do with the case.  I do not ask jurors what they
18 read, and what they believe, because I tell them it doesn't
19 matter what they believe; they have to follow my instructions,
20 and if they cannot do that, they cannot sit.
21   Yes, I would like that at the same time, any special
22 voir dire questions that you request.
23   Is there anything further?
24   MS. BURNS:  No, your Honor.  Thank you.
25   MR. COHEN:  No, your Honor.

1          THE COURT:  Very well.  Good luck to everybody.

2          MR. SKINNER:  Thank you, your Honor.

3          MR. COHEN:  Thank you, Judge.

4          (Adjourned to October 30, 2012 at 9:30 a.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25