UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
UNITED STATES OF AMERICA,

      - v.-

                                      S2 Cr. 114 (MGC)

XING LIN,
      a/k/a/ "Ding Pa,"

           Defendant.

--------------------------------------x


## <u>GOVERNMENT'S REQUESTS TO CHARGE</u>


                                      PREET BHARARA
                                      United States Attorney
                                      Southern District of New York
                                      Attorney for the United States
                                      of America


                                      Jennifer E. Burns
                                      Peter M. Skinner
                                      Assistant United States Attorneys
                                      *- Of Counsel-*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
UNITED STATES OF AMERICA,

          - v.-
                                       S2 Cr. 114 (MGC)

XING LIN,
     a/k/a/ "Ding Pa,"

          Defendant.

--------------------------------------x
```

**GOVERNMENT'S REQUESTS TO CHARGE**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the Jury.

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Indictment not Evidence

c.   Statements of Court and Counsel not Evidence

d.   Rulings on Evidence and Objections

e.   Burden of Proof and Presumption of Innocence

f.   Reasonable Doubt

g.   Government Treated Like Any Other Party

h.   Definitions and Examples of Direct and Circumstantial Evidence

I.   Credibility of Witnesses

j.   Interest in Outcome

k.   Right to See Exhibits and Have Testimony Read During Deliberations

l.   Sympathy:  Oath as Jurors

m.   Punishment Is Not to Be Considered by the Jury

n.   Verdict of Guilt or Innocence Must be Unanimous

o.   Particular Investigative Techniques Not Required

p.   Stipulations

q.   Use Of Evidence Obtained Pursuant To Search

1

r.   Redaction of Evidentiary Items

s.   Improper Considerations:  Race, Religion, National Origin, Sex or Age

t.   Defendant's Testimony

u.   Defendant's Right Not to Testify

v.   Admission of Defendant

w.   Variance in Dates

x.   Preparation of Witnesses

y.   Persons Not On Trial

z.   Law Enforcement Witnesses

aa.   Character Testimony

bb.   Use Of Charts and Tables

cc.   Use Of Recordings And Transcripts

dd. Limiting Instruction: Similar Act Evidence

**REQUEST NO. 2**

**Summary of the Indictment**

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  Here, the Indictment contains five counts or charges.  It is entitled to no weight in your judgment of the facts and your consideration of guilt or innocence. In your deliberations and in reaching your verdict, you must consider each count separately, and you must weigh the evidence separately for each count.  I will summarize in general terms the offenses charged in the Indictment.  Then I will explain in detail the elements of each offense.

Count One charges that the defendant, XING LIN, and others known and unknown, conspired to violate the federal racketeering laws, commonly referred to as "RICO" laws.  RICO laws make it a crime to conspire to conduct and participate, directly and indirectly, in the affairs of an enterprise through a pattern of racketeering activity.

Count Two of the Indictment charges the defendant, XING LIN, with participating in the affairs of an enterprise — namely, the Ding Pa Organization — through a pattern of racketeering activity, from at least 1996, through and including in or about

3

December 2009, in violation of the RICO statute.

Count Three charges the defendant with committing the murder of Chang Qin Zhou and Mei Ying Li through the use of a firearm, on or about July 30, 2004, at a club in Queens, in furtherance of an extortion.

Count Four charges the defendant with extorting and attempting to extort the owners of a bus company from in or about March 2002, up to and including in or about December 2009.

Count Five charges the defendant with conspiring to extort owners of a bus company from in or about March 2002, up to and including in or about December 2009.

   See United States v. Taveras, 04 Cr. 156 (JBW)
   (E.D.N.Y Oct. 13, 2008).

**REQUEST NO. 3**

**<u>Multiple Counts</u>**

As I just indicated, the Indictment contains a total of five counts.  Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-8; <u>see</u> <u>United States</u> v. <u>Sanzo</u>, 673 F.2d 64 (2d Cir. 1982).

REQUEST NO. 4

**The Law of Conspiracy**

I will begin by instructing you on the law of conspiracy, which applies to all the conspiracies charged in the Indictment.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to join together to accomplish some unlawful purpose.  The crime of conspiracy – which simply means agreement – to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes." Indeed, you may find the defendant guilty of the crime of conspiracy even if you find that the substantive crimes which were the objects of the conspiracy were never actually committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

**Elements of Conspiracy**

To sustain its burden of proof with respect to an allegation of conspiracy, the Government must prove beyond a reasonable doubt the following:

First: the existence of the conspiracy charged in the Indictment; that is, the existence of any agreement or understanding to commit the unlawful objects of each conspiracy.

6

Second, the Government must prove that the defendant knowingly became a member of the conspiracy, with the intent to further its illegal purpose – that is, with the intent to commit the object of the charged conspiracy.

Now, I will separately discuss each of these elements.

### First Element: Existence of Conspiracy

To satisfy the first element of a conspiracy – namely, to show that the conspiracy existed – the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the Government must prove that two or more people, in some way or manner, spoken or unspoken, came to a mutual understanding to violate the law and to accomplish an unlawful plan.  If you find that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

7

When people enter into a conspiracy, they become agents and partners of one another in carrying out the conspiracy. In determining whether there has been an unlawful agreement as alleged, you may consider the acts and conduct of the alleged coconspirators that were done to carry out the apparent criminal purpose. In addition, in determining whether such an agreement existed, you may consider direct as well as circumstantial evidence. The old adage, "Actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual coconspirators. When taken together and considered as whole, however, these acts and conduct may warrant the inference that a conspiracy existed.

The object of a conspiracy is the illegal purpose the co-conspirators agree or hope to achieve. As I have mentioned, the Indictment here charges several different conspiracy counts with different objects.

### Second Element:  Membership in the Conspiracy

The second element that the Government must prove to establish the offense of conspiracy is that the defendant unlawfully, willfully, and knowingly became a member of the conspiracy.

**"Unlawfully," "Willfully," and "Knowingly"**

The terms "unlawfully," "willfully" and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy, the defendant knew what he was doing and that he did it deliberately and voluntarily.

"Unlawfully" means simply contrary to law.  The defendant need not have known that he was breaking any particular law or any particular rule.  He need only have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposely; that is, the defendant's actions must have been his conscious objective rather than a product of a mistake or accident, or mere negligence or some other innocent reason.

To satisfy its burden of proof that the defendant unlawfully, intentionally and knowingly became a member of a conspiracy to accomplish an unlawful purpose, the Government must prove that the defendant knew that he was a member of an operation or conspiracy to accomplish that unlawful purpose, and that his action in joining such an operation or conspiracy was not due to carelessness, negligence or mistake.

A defendant's knowledge is a matter of inference from the facts proved.  The defendant need not have known the identities of

each and every other member, nor need he have been apprised of all of their activities.  A defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.  Furthermore, a defendant need not have joined in all of the conspiracy's unlawful objectives for you to find that he joined the conspiracy.

### Extent of Participation in Conspiracy

The extent of the defendant's participation in any conspiracy charged in the Indictment has no bearing on the issue of the defendant's guilt.  He may have joined it at any time in its progress, and he may still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member, as long as you find that he joined the conspiracy with knowledge as to its general scope and purpose. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  Even a single act may be sufficient to draw a defendant into the conspiracy.

A defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy.  A person may know, assemble with, or be friendly with, one or more

10

members of a conspiracy, without being a conspirator himself.  Mere similarity of conduct or the fact that a defendant may have discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.  Mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.

Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  The defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Once you find that a conspiracy existed and that the defendant was a member, you may take into account against the defendant any acts or statements made by any of his co-conspirators, even though such acts or statements were not made in the presence of the defendant or were made without his knowledge.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members.  So too, once a person is found to be a member of a conspiracy, he is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew

and disassociated himself from it.

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

## REQUEST NO. 5

### Count One: RICO Conspiracy

### The Elements

I have now instructed you generally on the law of conspiracy, and you should follow these instructions with respect to each conspiracy count charged in the Indictment.

I will now provide you with additional instructions specific to Count One – the RICO conspiracy count. This count charges that the defendant, XING LIN, and others known and unknown, conspired to violate the federal racketeering laws, commonly referred to as "RICO" laws. RICO laws make it a crime to conspire to conduct and participate, directly and indirectly, in the affairs of an enterprise through a pattern of racketeering activity.

Let me stop here and note that the words "racketeer" and "racketeering" have certain implications in our society. However, use of that term in the law and this courtroom should not be regarded as having anything to do with your determination of whether the guilt of the defendant has been proven. The term is only a term used by Congress to describe the statute.

In order to convict the defendant of the RICO conspiracy count, the Government must prove beyond a reasonable doubt each of the following elements:

13

First, that the enterprise alleged in the Indictment existed;

Second, that the enterprise affected interstate or foreign commerce;

Third, that the defendant was employed by or associated with the enterprise;

Fourth, that the defendant knowingly and willfully became a member of the conspiracy; and

Fifth, that two predicate offenses were committed or were intended to be committed as part of the conspiracy.

14

**REQUEST NO. 6**

**Count One:  RICO Conspiracy**
**First Element: Existence Of The Enterprise**

The first element the Government must prove with respect to Count One is that the enterprise alleged in the Indictment existed. An enterprise may be a group of people informally associated together for a common purpose of engaging in a course of conduct.  The statute makes clear that an enterprise may be, and I am quoting, "a group of individuals [who are] associated in fact although not a legal entity."  This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.  In addition to having a common purpose, this group of people must have a core of personnel who function as a continuing unit.  Furthermore, the enterprise must continue to exist in substantially similar form through the period charged.  This does not mean that the membership must remain exactly identical, but the enterprise must have a core that continues during a substantial time period within the time frame charged in the Indictment.  Here, the enterprise alleged in the Indictment to have existed is the Ding Pa Organization.

United States v. Jones, 455 F.3d 134, 144-45 (2d Cir. 2006) ("an association-in-fact [enterprise] is oftentimes more readily proven by what it does, rather than by abstract analysis of its structure") (emphasis in original; quoting United States v. Coonan, 938 F.2d 1553, 1559 (2d Cir. 1991)); United States v. Mauro, 80 F.3d 73, 77 (2d Cir. 1996) (existence of enterprise not defeated by "changes in membership"); United States v. Coonan, 938 F.2d at 1559-61 (holding that "the existence of an

association in fact oftentimes is more readily proven by what
it does rather than by abstract analysis of its structure;" and
that proof of various racketeering acts may establish the
existence of the enterprise).

**REQUEST NO. 7**

**Count One:  RICO Conspiracy**
**Second Element: Effect on Interstate Commerce**

The second element the Government must prove in Count One, the RICO conspiracy, is that the enterprise was engaged in, or had an effect upon, interstate or foreign commerce.

Interstate commerce includes the movement of goods, services, money and individuals between states.  All that is necessary is that the enterprise or a proven racketeering act through which the affairs of the enterprise were conducted affected interstate or foreign commerce in some minimal way.  The effect need not be substantial; even a minimal effect is enough.  Nor is it necessary that the effect on interstate commerce have been negative or adverse.  It is not necessary to prove that the acts of a particular defendant affected interstate commerce as long as the acts of the enterprise itself had such an effect.  Finally, the Government is not required to prove that the defendant knew he was affecting interstate commerce.  All that is necessary is that you find that the activities of the enterprise affected interstate or foreign commerce in some minimal way.

17

**REQUEST NO. 8**

**<u>Count One:  RICO Conspiracy</u>**
**<u>Third Element: Association With The Enterprise</u>**

The third element with respect to Count One, the RICO conspiracy, is that the defendant was associated with or was employed by the enterprise.

It is not required that the defendant held any particular position in the enterprise, but rather that the defendant knowingly participated in or associated with the enterprise in some manner. The Government must prove that at <u>some</u> time during the period indicated in the Indictment, the defendant was associated with or was employed by the enterprise.

The Government must also show that a defendant's association with the enterprise was knowing – that is, made with knowledge of the existence of the criminal enterprise through a general awareness of some of its purposes, activities, and personnel. A person cannot be associated with or employed by an enterprise if he does not know of the enterprise's existence or the nature of its activities.  Thus, in order to prove this element, the Government must prove that the defendant was connected to the enterprise in some meaningful way, and that the defendant knew of the existence of the enterprise and of the general nature of its activities.

18

REQUEST NO. 9

**Count One:  RICO Conspiracy**
**Fourth Element: Membership In the Conspiracy**

The fourth element the Government must prove with respect to Count One, the RICO conspiracy, is that the defendant knowingly and willfully became a member of the conspiracy.  In order to meet its burden of proof, the Government must show that the defendant agreed to participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity.

A pattern of racketeering activity requires the commission of at least two related acts of racketeering within ten years of one another.  I will describe those acts to you in a moment.

The two acts forming the pattern of racketeering may not be isolated or disconnected but must be related to each other by a common scheme, plan or motive.  The two acts must also amount to, or pose a threat of, continued criminal activity.  In determining whether the acts constitute a "pattern," you may consider whether the acts were closely related in time, whether the acts shared common victims or common goals, whether the acts shared a similarity of participants, or whether they shared a similarity of methods.  If the same act was repeated more than once, you may also consider this as evidence that the acts were part of a "pattern."

19

The focus of this element is on a defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to commit the individual criminal acts.  To prove a defendant's agreement, the Government does not have to prove that the defendant himself committed any of charged offenses or acts.  The Government only has to prove that the defendant entered into the charged RICO conspiracy, and participated in the conspiracy, knowing that he or any of his co-conspirators would commit two or more of the charged acts or offenses.

**REQUEST NO. 10**

**Count One:  RICO Conspiracy**
**Fifth Element:  Predicate Offenses**

The Government must prove that two predicate acts and offenses were committed, or were intended to be committed, as part of the charged RICO conspiracy.  The Government need not prove that the defendant himself committed any of these acts or offenses, so long as the Government proves that the defendant agreed that any two of these acts would be committed by other co-conspirators.

For several of the charged categories of predicate offenses, the Indictment charges a violation of more than one specific law.  For example, one of the charged categories of predicate offenses includes the violation of federal laws prohibiting extortion, as well as the New York state extortion law. I instruct you that, in order to find a that a given predicate offense was in fact an object of the charged RICO conspiracy, you need not find that the object of the conspiracy involved violations of <u>both</u> the federal and state statutes; rather, you need only find that the object of the conspiracy involved the violation of at least one of the specified statutes.  You must, however, be unanimous as to which of the statutory violations, if any, were the object of the charged conspiracy.

21

I will now instruct you on each of the predicate offenses charged in Count One.

**Count One: RICO Conspiracy**
**Predicate Offense: Murder and Conspiracy to Commit Murder (New York State Law)**

The defendant is charged in Count One with being a member of a conspiracy engaged in racketeering activity involving murder and conspiracy to commit murder, in violation of New York State law.

Under New York State law, a person is guilty of murder in the second degree when, with intent to cause the death of another person, he causes the death of such person or of a third person.

The elements of this offense are:

<u>First</u>, at the date and time alleged in the indictment, the defendant caused the death of another person;

<u>Second</u>, the defendant did so with the intent to cause the death of the other person.

Intent means conscious objective or purpose. Thus, a person acts with intent to cause the death of another when that person's conscious objective or purpose is to cause the death of another.

The defendant is also charged with conspiracy to commit murder, in violation of New York law, which provides that a person is guilty of conspiring to commit murder when, with intent that the murder be committed, he agrees with one or more persons to engage in or cause

22

the commission of the murder.

The elements of this offense are:

<u>First</u>, that on or about July 30, 2004, the defendant, agreed with one or more persons to engage in or cause the performance of the conduct constituting murder;

<u>Second</u>, that the defendant did so with the intent that such conduct be performed; and

<u>Third</u>, that the defendant, or one of the persons with whom he agreed to engage in or cause the performance of such conduct, committed at least one alleged overt act in furtherance of the conspiracy.

**Count One: RICO Conspiracy**
**Predicate Offense: Extortion (Federal Law)**

In Count One, the defendant is also charged with being a member of a conspiracy that engaged in racketeering activity involving extortion, in violation of federal law.

I will explain the four elements of the substantive crime of extortion.

**First Element – Taking or Obtaining of Property**

First, the Government must prove that the defendant knowingly took or obtained, or attempted to take or obtain, the personal property of another or from the presence of another.  The term "property" includes money, as well as tangible and intangible things

23

of value.

### Second Element – Taking Property With Compelled Consent

Second, the Government must show that the property was obtained or taken with the person's consent, but that the consent was compelled by the wrongful use of force, violence or fear of injury or economic harm, either immediately or in the future.

It is not necessary that force, violence and fear all were used or threatened.  It is enough if any of them were used or threatened.  Now let me turn for a moment to the concept of threat.  Threats need not be direct.  They may be veiled threats made by suggestion, implication or inference, though such inference on the part of the person extorted must be reasonable.  Whether an implied or veiled reference amounts to a threat is a matter for you to decide under all the circumstances.

In considering whether force, violence, or fear was used or threatened, you should give those words their common and ordinary meaning, and understand them as you normally would in conversation.  The threatened violence does not have to be directed at the person whose property was taken.  The use of a threat of force or violence might be aimed at a third person, or at causing economic, rather than physical harm.  A threat may be made verbally or by a physical gesture, or, as I explained earlier, a threat may be veiled or

24

implied.  Whether a statement or physical gesture actually was a threat depends on all of the circumstances.

Fear exists if at least one victim experiences anxiety, concern or worry over expected personal harm, or loss, or financial security. The existence of fear must be determined by the facts that existed at the time property was taken.  A careful consideration of the circumstances and the evidence should enable you to decide whether fear reasonably would have been the person's state of mind.

Fear of physical or economic injury or personal harm may be found to be reasonable if, considering the demand for money, the person who would have made the demand, and the nature of the conduct, a reasonable person would get the message clearly.  There need not be an explicit demand for money; the demand may have been implicit in the defendant's conduct or other statements.

Looking at the situation and the actions of people involved may help you determine what their state of mind was.  You can consider this kind of evidence -- which I have previously described to you as circumstantial evidence -- in deciding whether property was obtained or sought through the use or threat of fear.

It is not necessary that the fear be a consequence of a direct threat.  It is sufficient that the surrounding circumstances render the person's fear reasonable.  You must find that a reasonable person

25

would have been fearful in the circumstances.

If you decide that force or violence was used or threatened to obtain the property, then that is wrongful.

### Third Element – Interstate Commerce
### Fourth Element – Unlawfully, Willfully, Knowingly

As to the third and fourth elements of the substantive crime of extortion, I have already instructed you on the element of interstate or foreign commerce, and on the meaning of unlawfully, willfully and knowingly.  You should follow my previous instructions.

**Count One: RICO Conspiracy**
**Predicate Offense: Extortion (New York State Law)**

I just explained to you the federal law on extortion.  The Indictment also charges extortion under New York law.  Before I explain to you the elements of extortion under state law, I will remind you that it is not necessary for you to find a violation of both federal and state law in order to conclude that a defendant or his co-conspirator had committed the predicate act of extortion. Moreover, as I will tell you in a moment, there are two applicable extortion statutes under New York law.  You only need to find that an allegedly extortionate act satisfies all the elements of only one statute (state or federal) for you to conclude that the predicate extortion offense has been proven.  But you must be unanimous as to

26

which law was violated.

Under New York law, a person is guilty of extortion if property, regardless of its nature and value, is obtained by instilling in the victim a fear that the actor or another will (a) cause physical injury to some person in the future; (b) cause damage to property.  (New York State Penal Law Section 155.40.)

The second way in which a person can also be guilty of extortion under New York law is if he obtains property by instilling a fear in the victim that, if the property is not delivered, the defendant or a co-conspirator will perform any action that, while not in itself materially beneficial to the perpetrator, would materially harm the intended victim with respect to the victim's business or financial condition. (New York State Penal Law Section 155.30.)

Under either definition of extortion, the Government would have to prove the following two elements beyond a reasonable doubt:

First, the defendant wrongfully obtained property from its owner by extortion, defined in one of the two ways described above; and

Second, the defendant did so with the intent to deprive another of the property or to appropriate the property to himself or to a third person.

See New York State Penal Law Section 155.  CJI2d[NY] Penal Law Article 155.

* * *

Again, as I've previously instructed, even if you find that the elements of this predicate offense are proven, the Government still must prove the remaining elements of the federal RICO Conspiracy charge, including that the offense was committed in furtherance of the conspiracy.

**Count One: RICO Conspiracy**
**Predicate Offense: Illegal Gambling (New York Law)**

The defendant is also charged in Count One with being a member of a conspiracy engaged in racketeering activity involving the operation of illegal gambling businesses, in violation of New York state law.

### Illegal Gambling Under New York State Law

Under New York law, "a person is guilty of promoting gambling in the second degree when he knowingly advances or profits from unlawful gambling activity."

The elements of this substantive crime are:

<u>First</u>, that the defendant advanced or profited from unlawful gambling activity;

<u>Second</u>, that the defendant knowingly advanced or profited from unlawful gambling activity;

Under New York law, gambling occurs "when [a person] stakes or risks something of value upon the outcome of a contest of chance

28

or a future contingent event not under his control or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome."

A "contest of chance" is any contest, game, gaming scheme, or gaming device in which the outcome depends in a material degree on chance, even if the skill of the player is also a factor in the outcome.  "Something of value" means money or property, something exchangeable for money or property, or a credit good for money, property, or the extension of a service, entertainment, or privilege of playing a game.

New York law covers two types of behavior.  The first is advancing gambling activity.  A player is someone who is involved only as a contestant or bettor.  A person "advances" gambling activity when, acting other than as a player, he engages in conduct which materially aids any form of gambling activity. Such conduct includes but is not limited to conduct directed toward the creation or establishment of the particular game, contest, scheme, device or activity involved, toward the acquisition or maintenance of premises, paraphernalia, equipment or apparatus therefor, toward the solicitation or inducement of persons to participate therein, toward the actual conduct of the playing phases thereof, toward the arrangement of any of its financial or recording phases, or toward

any other phase of its operation.

The second type of behavior is profiting from gambling activity. A person "profits from" gambling activity when other than as a player, he accepts or receives money or other property pursuant to an agreement or understanding with any person whereby he participates or is to participate in the proceeds of gambling activity.

The Government does not have to prove that the defendant knew that the gambling business was illegal.

**Count One: RICO Conspiracy**
**Predicate Offense: Illegal Gambling (Federal Law)**

The defendant is also charged in Count One with being a member of a conspiracy engaged in racketeering activity involving the operation of illegal gambling businesses, in violation of federal law.

The elements of this substantive crime are:

(a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be [guilty of a crime].

(b) As used in this section—

An "illegal gambling business" means a gambling business which--

(i) is a violation of the law of a State or political subdivision in which it is conducted;

(ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and

(iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.

Remember that it is not necessary for you to find a violation of both federal and state law in order to conclude that a defendant or his co-conspirator had committed the predicate act of gambling.

**Count One: RICO Conspiracy**
**Predicate Offense: Collection of Debt by Extortionate Means**

The defendant is charged in Count One with being a member of a conspiracy engaged in racketeering activity involving using extortionate means to collect and attempt to collect extensions of credit from debtors in violation of federal law.

That substantive crime has three elements:

First, that the defendant collected or attempted to collect an extension of credit.

Second, that extortionate means were used to do so.

Third, that the defendant participated knowingly, willfully, and unlawfully in the use of extortionate means.

31

"Extortionate means" are any means that involve the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person.  The creditor's actions need not actually frighten the debtor.  You need only find that the creditor intentionally took actions which reasonably would induce fear in an ordinary person. This element, then, is directed at the conduct of the creditor and not at the state of mind of the victim.

**REQUEST NO. 11**

**Count Two: RICO Substantive Count**

Count Two of the Indictment charges the defendant, XING LIN, with participating in the affairs of an enterprise — namely, the Ding Pa Organization — through a pattern of racketeering activity, from in or about 1996, up through and including in or about December 2009, in violation of the RICO statute.

**Elements**

In order to prove that the defendant is guilty of the substantive RICO charge contained in Count Two, the Government must prove beyond a reasonable doubt each of the following five elements:

First, that on or about the dates charged in the Indictment, the criminal enterprise set out in the Indictment existed;

Second, that the enterprise affected interstate or foreign commerce;

Third, that the defendant was associated with or employed by the enterprise;

Fourth, that the defendant engaged in a pattern of racketeering activity; and

Fifth, that the defendant conducted or participated in the conduct of the affairs of that enterprise through that pattern of

racketeering activity.

**Elements One Through Three Previously Addressed**

You may have noticed that the first three elements of the RICO substantive count are the same as the first three elements of the RICO conspiracy count in Count One, as to which I have already instructed you.  You should follow my prior instructions for those elements.

**Count Two:   RICO Substantive Count**
**Fourth Element:   Pattern of Racketeering Activity**

The fourth element of Count Two that the Government must prove beyond a reasonable doubt is that the defendant willfully engaged in a pattern of racketeering activity.

In describing Count One, I previously instructed you on the meaning of "pattern of racketeering activity," and you should follow those instructions.

But now I will explain the chief difference between Count One and Count Two.

As you may recall, when I instructed you on the RICO conspiracy count in Count One, I told you that the focus of that count is on the defendant's <u>agreement</u> to participate in the objective of the enterprise to engage in a pattern of racketeering activity.  I also told you that, for Count One, the Government need not prove that the defendant committed or agreed to commit any of the charged predicate

34

acts and offenses charged, so long as the Government proves that the defendant agreed that any co-conspirator would commit any two or more of the charged acts and offenses.

In Count Two, however, the RICO substantive charge, the Government must prove that the defendant in fact committed two or more of the racketeering acts charged in Count Two.  Count Two specifically charges the defendant with participating in six racketeering acts, which I will hereafter refer to as Racketeering Act One, Racketeering Act Two, and so forth.

I will review the Racketeering Acts with you now.

**Count Two:  RICO Substantive Count**
**Fourth Element:  Pattern of Racketeering Activity**
**Racketeering Act One:  Murder of Chang Qin Zhou and Conspiracy to**
**Murder Chang Qin Zhou**

Racketeering Act One charges the defendant with murdering, and conspiring to murder Chang Qin Zhou, on or about July 30, 2004, in violation of (1) federal law and (2) New York law.  As I will instruct you in more detail later, the violation of <u>any one</u> of the charged statutes alone constitutes the commission of Racketeering Act One.

I also have already instructed you on the content and required elements of the applicable New York state law on murder.

The defendant is also charged with conspiring to commit murder under the state law, which I have already defined.

You should follow my previous instructions in determining whether the Government has proven all of the elements beyond a reasonable doubt.

**Count Two:  RICO Substantive Count**
**Fourth Element:  Pattern of Racketeering Activity**
**Racketeering Act Two: Extortion and Extortion Conspiracy – Bus**
**Company Owners**

Racketeering Act Two charges the defendant with extortion and conspiracy to commit extortion of the owners of a bus company, from in or about March 2002 up to and including in or about December 2009, in violation of (1) federal law and (2) New York state law.  As I will instruct you in more detail later, the violation of <u>any one</u> of

the charged statutes alone constitutes the commission of Racketeering Act Two.

I have already instructed you on the content and required elements of the applicable federal law.  I also have already instructed you on the content and required elements of the applicable New York state law.  You should follow my previous instructions in determining whether the Government has proven all of the elements beyond a reasonable doubt.

**Count Two:  RICO Substantive Count**
**Fourth Element:  Pattern of Racketeering Activity**
**Racketeering Act Three:  Illegal Gambling Business – Mahjong Parlor**

Racketeering Act Three charges the defendant with operating an illegal gambling parlor, a majhong parlor, in or about 1996, in violation of (1) federal law and (2) New York state law.  As I will instruct you in more detail later, the violation of <u>any one</u> of the charged statutes alone constitutes the commission of Racketeering Act Three.

I have already instructed you on the content and required elements of the applicable federal law.  I also have already instructed you on the content and required elements of the applicable New York state law.  You should follow my previous instructions in determining whether the Government has proven all of the elements beyond a reasonable doubt.

37

**Count Two:  RICO Substantive Count**
**Fourth Element:  Pattern of Racketeering Activity**
**Racketeering Act Four:  Illegal Gambling Business – Tien Lin Parlor**

Racketeering Act Four charges the defendant with operating an illegal gambling parlor, a Tien Lin parlor, from in or about 1996, up to and including in or about 1997, in violation of (1) federal law and (2) New York state law.  As I will instruct you in more detail later, the violation of <u>any one</u> of the charged statutes alone constitutes the commission of Racketeering Act Four.

I have already instructed you on the content and required elements of the applicable federal law.  I also have already instructed you on the content and required elements of the applicable New York state law.  You should follow my previous instructions in determining whether the Government has proven all of the elements beyond a reasonable doubt.

**Count Two:  RICO Substantive Count**
**Fourth Element:  Pattern of Racketeering Activity**
**Racketeering Act Five:  Illegal Gambling Business – Tien Lin Parlor**

Racketeering Act Four charges the defendant with operating an illegal gambling parlor, a Tien Lin parlor, from in or about 1999, up to and including in or about 2002, in violation of (1) federal law and (2) New York state law.  As I will instruct you in more detail later, the violation of <u>any one</u> of the charged statutes alone

38

constitutes the commission of Racketeering Act Five.

I have already instructed you on the content and required elements of the applicable federal law.  I also have already instructed you on the content and required elements of the applicable New York state law.  You should follow my previous instructions in determining whether the Government has proven all of the elements beyond a reasonable doubt.

**Count Two:  RICO Substantive Count**
**Fourth Element:  Pattern of Racketeering Activity**

**Racketeering Act Six:  Conspiracy to Collect Debt by Extortionate Means and Collection of Debt by Extortionate Means**

Racketeering Act Six charges the defendant with conspiring to collect debt and collecting debt by extortionate means, in or about 2001 and 2002, in violation of federal law.

I have already instructed you on the content and required elements of the applicable federal law, as well as the elements of conspiracy.  You should follow my previous instructions in determining whether the Government has proven all of the elements beyond a reasonable doubt.

**Unanimity Required on Racketeering Acts**

I have now told you about the six Racketeering Acts charged in Count Two, the substantive RICO charge.  You must be unanimous as to which two or more racketeering acts have been proven beyond a reasonable doubt before you may find that the fourth element of

Count Two has been satisfied.  It is not enough that you all believe that two racketeering acts were committed.  In other words, you cannot find a defendant guilty if some of you think that the government has proven only Racketeering Acts One and Two, and the rest of you think that the Government has proven only Racketeering Acts Three and Four.  There must be at least two racketeering acts that all of you find were committed in order to convict the defendant under Count Two.  You will render your verdict on a separate form which will ask you to indicate whether it was "proved" or "not proved" that the defendant committed each of the racketeering acts with which he is charged.  In order to find that a racketeering act is "proved" as to each defendant you are considering, your finding must be unanimous.  In order to find that a racketeering act is "not proved," your finding must be unanimous.  If you find that two or more racketeering acts are "proved" as to each defendant, and the Government has proved all the other elements of Count Two, then the Government has met its burden.  You cannot convict on Count Two unless you find that at least two racketeering acts are "proved."

### Multiple Crimes within a Single Racketeering Act

Several of the charged racketeering acts consist of two or more separate crimes.  For each of these racketeering acts, if you find that the defendant committed at least one of the crimes charged within

a single racketeering act, you must find that racketeering act proved.  If you find that the Government has not proven that the defendant committed any of the crimes charged within a racketeering act, you must find that racketeering act not proved.  You need only find that the defendant committed one of the crimes charged within a single racketeering act in order to find the entire racketeering act proved.  However, you must agree unanimously on which particular crime the defendant committed in order to find that he committed the racketeering act.

### Count Two:  RICO Substantive Count
### Enterprise Through A Pattern of Racketeering

I move now to the fifth and final element of Count Two, the RICO substantive count.  If you find that the fourth element has been satisfied by proof beyond a reasonable doubt, then you must determine whether, in committing the specified racketeering acts, the defendant was conducting or participating in the conduct of the enterprise.

In other words, it is not enough that there be an enterprise and that the defendant engaged in a pattern of racketeering activity.  More is required.  The Government must prove that the defendant conducted or participated in the conduct of the enterprise through that pattern of racketeering activity.

To conduct or participate in the conduct of the enterprise

means that the defendant must have played some part in the operation or management of the enterprise.  The Government is not required to prove that the defendant was a member of upper management.  An enterprise is operated not only by those in upper management, but also by those lower down in the enterprise who act under the direction of upper management.

In addition to proving that the defendant played some part in the operation or management of the enterprise, the Government must also prove that there is some meaningful connection between the defendant's illegal acts and the affairs of the enterprise.  To satisfy this part of the element, the Government must establish either (1) that the defendant's position in the enterprise facilitated his commission of those illegal acts and that the racketeering acts had some impact or effect on the enterprise, or (2) that the acts were in some way related to the affairs of the enterprise, or (3) that the defendant was able to commit the acts by virtue of his position or involvement in the affairs of the enterprise.

**REQUEST NO. 12**

**Count Three: Murder**

General Instructions

Count Three charges that on or about July 30, 2004, in furtherance of extortion and conspiracy to commit extortion, the defendant caused the deaths of, or aided and abetted causing the deaths of, Chang Qin Zhou and Mei Ying Li, through the use of a firearm, in circumstances that qualify as murder.

The federal statute relevant to Count Three is Section 924(j) of Title 18, United States Code.  That section provides:

A person who, in the course of a violation of [Title 18, United States Code, Section 924(c)], causes the death of a person through the use of a firearm [shall be guilty of a crime].

Title 18, United States Code, Section 924(j).

43

**REQUEST NO. 13**

**Count Three:  Murder**

Murder Through The Use Of A Firearm: Elements

To convict the defendant XING LIN of Count Three, the Government must prove each of the following elements beyond a reasonable doubt:

First, that on or about the dates alleged, the defendant used or carried or possessed a firearm, or aided and abetted the use, carrying or possession of a firearm;

Second, that the defendant used or carried the firearm, or aided and abetted the use, carrying or possession of a firearm, during and in relation to a crime of violence, namely extortion and conspiracy to commit extortion, in furtherance of that crime;

Third, that the conduct of the defendant was a substantial factor in causing the death of the named victim through the use of a firearm, or that the defendant aided and abetted another who caused the death of the victim through the use of a firearm;

Fourth, that the death of that person qualifies as a murder, as I will define that term for you; and

Fifth, that the defendant acted knowingly and willfully.

Adapted from the charge of the Honorable Deborah A. Batts in United States v. Anthony Rodriguez, 00 C. 949 (DAB) (Aug. 20, 2002), the Honorable Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141 (July 27, 2004), the Honorable Denny Chin in United States v. Gomez, S3 99 Cr. 1048 (DC) (Feb. 1, 2002), the Honorable Denise Cote in United States

44

v. <u>Calieb Barnes</u>, S4 11 cr. 184 (DLC) (Mar. 30, 2012),
and Sand, <u>Modern Jury Instructions</u>, Instruction
30-6.

REQUEST NO. 14

**Count Three: Murder**

Murder Through The Use Of A Firearm:
First Element – "Using," "Carrying," or "Possessing"

The first element the Government must prove beyond a reasonable doubt on Count Three is that on or about July 30, 2004, the defendant XING LIN used, carried, or possessed a firearm, or aided and abetted the use, carrying, or possession of a firearm.

(1) "Firearm" Defined

As used in the statute, the term "firearm" means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."  I instruct you that a gun is a firearm.

In considering the specific element of whether the defendant used, carried, or possessed a "firearm," it does not matter whether the weapon was loaded or operable at the time of the crime. Operability is not relevant to your determination of whether a weapon qualifies as a "firearm."

46

(2) "Use" Defined

In order to prove that the defendant "used" the firearm, the prosecution must prove beyond a reasonable doubt that there was "an active employment" of the firearm by the defendant during and in relation to the commission of a crime of violence. This does not mean that the defendant must have actually fired or attempted to fire the weapon, although each of those actions would obviously constitute a "use" of the weapon.

Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available, if needed, all constitute "uses" of a firearm. However, the mere possession of a firearm at or near the site of the crime without active employment, as I just described that term, is not sufficient to constitute "use" of a firearm.

(3) "Carry" Defined

In order to prove that the defendant "carried" a firearm, the prosecution must prove beyond a reasonable doubt that the defendant had a weapon within his control so that it was available in such a way that it furthered the commission of the crime. The defendant need not have held the firearm physically, or have had actual possession of it on his person.

If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of a crime of violence, you may find that the prosecution has proven that the defendant "carried" a firearm.

(4) <u>"Possession" Defined</u>

The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.  If you find that the defendant had the firearm on his person, you may find that he had possession of it.  However, a person need not have actual, physical possession -- that is, physical custody of an object -- in order to be in legal possession of it.  If a person has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody, and that person has the intent to exercise such control, then the person is in possession of that article.  This is called "constructive possession."

More than one person can have control over the same firearm. In addition, possession and ownership are not the same.  A person can possess an object and not be the owner of the object.

Possession of a firearm in furtherance of a crime of violence requires that the defendant possess a firearm and that the possession

advance or move the crime forward.  The mere presence of a firearm
is not enough.  Possession in furtherance requires that the
possession be incident to and an essential part of the crime.  The
firearm must have played some part in furthering the crime in order
for this element to be satisfied.

> Adapted from Sand, Modern Federal Jury Instructions,
> Instr. 35-80 (1999) and from the charge of the
> Honorable Lewis A. Kaplan in United States v. Jeffrey
> Otis Redden, 02 Cr. 1141, and from the charge of the
> Honorable Denise Cote in United States v. Joel Lopez,
> 03 Cr. 1102 (DLC).

### (5) Aiding and Abetting

The defendant is also charged with aiding and abetting with
respect to this charge; accordingly, it would be sufficient for this
element if the defendant aided and abetted another person in the use,
carrying, and possession of a firearm.

Aiding and abetting liability is its own theory of criminal
liability.  In effect, it is a theory of liability that permits a
defendant to be convicted of a specified crime if the defendant, while
not himself committing the crime, assisted another person or persons
in committing the crime.

Under the federal aiding and abetting statute, whoever "aids,
abets, counsels, commands, induces or procures" the commission of an
offense is punishable as a principal.  In other words, it is not
necessary for the Government to show that the defendant physically

committed a crime in order for you to find the defendant guilty.   If you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find him guilty of the crime as an aider and abettor.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he personally had committed it.   You may find a defendant guilty of the substantive crime, therefore, if you find beyond a reasonable doubt that the Government has proven that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.   Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person.   But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

To aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that the defendant willfully and knowingly seek by some act to help make the crime succeed.

50

Participation in a crime is willful if action is taken voluntarily and intentionally or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done - that is to say, with a bad purpose either to disobey or to disregard the law.

However, I must caution you that the mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether a defendant aided and abetted the commission of a crime, ask yourself these questions:

- Did the defendant participate in the crime charged as something he wished to bring about?

- Did the defendant associate himself with the criminal venture knowingly and willfully?

- Did the defendant seek by his actions to make the criminal venture succeed?

If so, then the defendant is an aider and abettor, and therefore guilty of the offense charged in Count Three. If not, then the defendant is not an aider and abettor, and is not guilty of that

offense.   I should further note that in order to convict the defendant of aiding and abetting another's use, carrying of, or possession of a firearm, it is not enough to find that the defendant performed an act to facilitate or encourage the commission of the underlying extortion with only the knowledge that a firearm would be used or carried in the commission of that crime.   Instead, you must find that the defendant performed some act that facilitated or encouraged the actual using, carrying of, or possession of the firearm in relation to the underlying crime.

For example, if you find that the defendant directed another person to use, carry, or possess a gun in the commission of the underlying crime, or made such a gun available to the other person, then the defendant aided and abetted the other person's use of the firearm.   Or, if you find that the defendant was present at the scene during the commission of the underlying extortion crime, you may consider whether the defendant's conduct at the scene facilitated or promoted the carrying of a gun and thereby aided and abetted the other person's carrying of the firearm.   These examples are offered only by way of illustration and are not meant to be exhaustive.

    Adapted from the charge of the Honorable Robert L.
    Carter in United States v. Nosov, S3 00 Cr. 314 (RLC);
    the charge of the Honorable Lawrence M. McKenna in
    United States v. Westley Paloscio, 99 Cr. 1199 (LMM);
    the charge of Judge Scheindlin in United States v.
    Angelo Nicosia, 07 Cr. 907 (SAS) Sand, Modern Federal
    Jury Instructions, Instrs. 11-1, 11-2, and from the
                            52

charge approved in <u>United States</u> v. <u>Stanchich</u>, 550
F.2d 1294 (2d Cir. 1977).   <u>See</u> 18 U.S.C. § 2; <u>see also</u>
<u>United States</u> v. <u>Zichettello</u>, 208 F.3d at 109
(discussing requirements of aiding and abetting
liability); <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 23
(2d Cir. 1990) (same).

**REQUEST NO. 15**

**Count Three: Murder**

Murder Through The Use Of A Firearm:
Second Element - During And In Relation To A
A Crime Of Violence

The second element that the Government must prove beyond a reasonable doubt is that the defendant used or carried a firearm during and in relation to a crime of violence - here extortion and extortion conspiracy - or possessed a firearm in furtherance of such crime.  Possession in furtherance, as I indicated, requires that the possession be incident to and an essential part of the crime.  The firearm must have played some part in furthering the crime in order for this element to be satisfied.

This means that unless you find that the defendant participated in the extortion or extortion conspiracy described in the Indictment, you must find the defendant not guilty of this Count.

You are instructed that extortion and extortion conspiracy qualify as crimes of violence.

I previously set forth the elements of extortion.  You are instructed to follow those instructions when considering this count as well. You should follow my previous instructions in determining whether the Government has proven all of the elements beyond a reasonable doubt.

54

Count One also charges that the defendant committed the murder in furtherance of a conspiracy to commit extortion. I previously explained the elements of conspiracy you and you should apply those instructions here.

**REQUEST NO. 16**

**Count Three: Murder**

Murder Through The Use Of A Firearm:
Third Element - "Caused the Death of a Person"

A defendant's conduct may be found to cause the death of another individual if it had such an effect in producing that individual's death as to lead a reasonable person to regard the defendant's conduct as a cause of death.  The death of a person may have one or more than one cause.  You need not find that a defendant shot the victim or that he committed the final, fatal act.  The Government need only prove that the conduct of the defendant was a substantial factor in causing the victim's death.

> Adapted from the charge of the Honorable Barbara Jones in United States v. Larry Williams, 02 Cr. 1372 (BSJ), and the Honorable Denny Chin in United States v. Gomez, S3 99 Cr. 1048 (DC).  See also Sand, Modern Jury Instructions, Instr. 30-6.

**REQUEST NO: 17**

**<u>Count Three: Murder</u>**

<u>Fourth Element: Murder Defined</u>

In considering Count Three, you should apply the following definition of murder.  Under the federal criminal code, "Murder is the unlawful killing of a human being, with malice aforethought."

<u>See</u> <u>United States</u> v. <u>Thomas</u>, 34 F.3d 44, 48-49 (2d Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 1007 (1994).

**REQUEST NO. 18**

## Count Three: Murder

Murder Through The Use Of A Firearm:
Fifth Element – "Willfully" And "Knowingly"

The final element the Government must prove beyond a reasonable doubt on Count Three is that defendant XING LIN knew that he was using, carrying, or possessing a firearm, or that he was aiding and abetting the use, carrying and possession of a firearm, and that he acted willfully in doing so.

To satisfy this element, you must find that the defendant had knowledge that what he was carrying, using or possessing, or what he aided and abetted another in carrying, using or possessing, was a firearm as that term is generally used.  An act is done knowingly if done purposefully and voluntarily as opposed to mistakenly or accidentally.  You will recall that I instructed you earlier that to determine that someone acted knowingly requires you to make a finding as to that person's state of mind.   In order for the Government to satisfy this element, it must prove that the defendant knew what he was doing -- for example, that he knew that he was carrying or using a firearm in the commission of a crime of violence.  It is not necessary, however, for the Government to prove that the defendant knew that he was violating any particular law.

Adapted from charge of the Honorable Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141.

58

**REQUEST NO. 19**

Count Four: Extortion and Attempted Extortion

In Count Four, the defendant is charged with committing extortion and attempted extortion of the owners of a bus company which took place in or about March 2002, up to and including December 2009. I previously set forth the elements of extortion.  You should apply those same elements to Count Four.

**REQUEST NO. 20**

<u>Count Five: Conspiracy to Commit Extortion</u>

The defendant is charged in Count Five with conspiracy to commit the extortion of owners of a bus company from in or about March 2002, up to and including December 2009.  I previously explained the elements of conspiracy and extortion.  You should apply those same instructions to your consideration of Count Five.

REQUEST NO. 21

Counts Three and Four:

**Guilt Of Substantive Offense -- *Pinkerton* Liability**

There is another method by which you may evaluate the possible guilt of a defendant for the substantive charges in Counts Three and Four of the Indictment -- the murder and extortion counts -- even if you do not find that the Government has satisfied its burden of proof with respect to each element of the substantive crime you are considering against that defendant.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment in Count Five, then you may also, but are not required to, find that defendant guilty of the corresponding substantive crime charged, provided that you find that each of the following elements has been proven beyond a reasonable doubt:

First, that the crime charged in the substantive count was committed;

Second, that the person or persons you find actually committed the crime were members of the extortion conspiracy you found existed;

Third, that the substantive crime was committed in furtherance of the common plan and understanding you found to exist among the conspirators;

61

<u>Fourth</u>, that the defendant was a member of the conspiracy at the time the substantive crime was committed; and

<u>Fifth</u>, that the substantive offense was the reasonably foreseeable consequences of acts that furthered the unlawful agreement.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crimes charged against him, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is that a co-conspirator who commits a substantive crime as part of a conspiracy is deemed to be the agent of the other co-conspirators. Therefore, all of the co-conspirators bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime, unless the Government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the substantive crime charged.

Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 19-13, and from the charge of the Honorable Lewis A. Kaplan in <u>United</u> <u>States</u> v. <u>Otis</u> <u>Parkes</u>, S3 03 Cr. 1364 (LAK).

A Pinkerton charge, see Pinkerton v. United States, 328
U.S. 640, 645 (1946), "permits a jury to find a defendant
guilty on a substantive count without specific evidence
that he committed the act charged if it is clear that the
offense had been committed, that it had been committed in the
furtherance of an unlawful conspiracy, and that the
defendant was a member of that conspiracy." United
States v. Miley, 513 F.2d 1191, 1208 (2d Cir. 1975).

Whether to give a Pinkerton charge rests with the Court's
discretion.  Although the charge "should not be given as a
matter of course," United States v. Sperling, 506 F.2d 1323,
1341 (2d Cir. 1974), it is entirely proper where evidence of
conspiracy is otherwise sufficient.  See United States v.
Harwood, 998 F.2d 91, 100 (2d Cir. 1993) (Pinkerton charge
proper where evidence of conspiracy was sufficient, and where
judge "properly instructed jury to consider the substantive
count only after it first found that a conspiracy existed
between the defendants").

See United States v. Bala, 236 F.3d 87, 95 (2d Cir. 2000); see
also United States v. Rosario, 164 F.3d 729, 735 (2d Cir. 1999)
(applying Pinkerton theory of liability in gun possession
case).

63

REQUEST NO. 22

## Venue

In addition to the elements I have described to you, as to each charge the Government must prove that some act in furtherance of each charge you are considering occurred in the Southern District of New York.  You are instructed that the Southern District of New York includes, among other locations, Manhattan, the Bronx and counties north of Manhattan, including Westchester County.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this District.

Venue may be proper in more than one district for a single crime.  Where the acts constituting the crime and the nature of the crime charged implicate more than one location, the Constitution does not command a single exclusive venue.

> United States v. Reed, 773 F.2d 477, 480 (2d Cir. 1985); see also United States v. Chalarca, 95 F.3d 239, 245 (2d Cir. 1996) ("it was necessary for the government to establish only that the crime, or some part of it, occurred in the Southern District").

In fact, when the acts constituting a criminal offense take place in several districts, prosecution is proper in any district in which some part of the offense conduct occurred.

Where venue is appropriate for the underlying crime of violence, that is, the alleged extortion or extortion conspiracy,

it is also appropriate for the firearms offense charged in Count Three of the Indictment.

> United States v. Stephenson, 895 F.2d 867, 875 (2d
> Cir. 1990); United States v. Reed, 773 F. 2d 477, 482
> (2d Cir. 1985); United States v. Potamitis, 739 F.2d
> 784, 791 (2d Cir. 1984); see also United States v.
> Rodriguez-Moreno, 526 U.S. 275, 280 (1999).

I also instruct you that, with respect to the RICO conspiracy and RICO substantive charges (Counts One and Two), the Government need not prove that each separate underlying predicate offense, or each separate racketeering act, occurred in the Southern District of New York.  Rather, it is sufficient for these counts for the Government to prove that any act in furtherance of the charged pattern of racketeering occurred in the Southern District of New York, or that the enterprise itself — the Ding Pa Organization — had substantial contacts with the Southern District of New York.

I should note that on the issue of venue -- and this issue alone -- the Government's burden is not beyond a reasonable doubt, but only a preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged in each count occurred in the Southern District of New York.  If you find that the Government has failed to prove this venue requirement by a

preponderance of the evidence, then you must acquit the defendant

of the charge because he has a right to be tried only in a district

in which the venue is proper.

> Adapted from charge of the Honorable Lewis A.
> Kaplan in United States v. Jeffrey Otis Redden, 02
> Cr. 1141 (S.D.N.Y. July 27, 2004); United States v.
> Ramirez, 420 F.3d 134, 146 (2d Cir. 2005).

**REQUEST NO. 23**

**<u>Uncalled Witness Equally Available</u>**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 6-7

67

REQUEST NO. 23

**Consciousness of Guilt: Flight**

You have heard evidence that the defendant fled after the shooting in 2004, a crime for which he is now on trial. If proved, the flight of a defendant after he knows he is to be accused of a crime may tend to prove that the defendant believed that he was guilty. It may be weighed by you in this connection, together with all the other evidence.

However, flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.

You are specifically cautioned that evidence of flight of a defendant may not be used by you as a substitute for proof of guilt. Flight does not create a presumption of guilt.

Whether or not evidence of flight does show that the defendant believed that he was guilty, and the significance, if any, to be given to the defendant's feelings on this matter are for you to determine.

Adapted from the charge of the Honorable P. Kevin Castel, United States v. Fusco, 09 Cr. 1239 (PKC) (Apr. 30, 2012); the Honorable Loretta A. Preska, United States v. Aleskerova, 97 Cr. 1046 (LAP) (June 1, 1999).

REQUEST NO. 24

**Expert Testimony**
**[If Applicable]**

You have heard testimony from expert witnesses.  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in a field can assist you in understanding certain evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other

69

evidence does not give you reason to doubt [his/her] conclusions, you would be justified in placing reliance on [his/her] testimony to whatever extent you believe is appropriate.

> Adapted from the charge of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Mensah</u>, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

REQUEST NO. 25

**Formal / Informal Immunity of Government Witnesses**

You have heard the testimony of witnesses who have testified under a grant of immunity from this Court (formal immunity), or who have been promised by the Government in written agreements that in consideration for their truthful testimony and cooperation with the Government, they will not be prosecuted for any crimes which they may have admitted either here in court or in interviews with the prosecutors (informal immunity).  With respect to both categories of witnesses, what this means is that the testimony of the witness may not be used against him or her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by Order of this Court.  Similarly, the Government is permitted to enter into non-prosecution agreements and is entitled to call as witnesses people to whom these promises have been given.  You may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity by the Court, or who have been given a written non-prosecution

71

agreement by the Government, should be examined by you with greater care than the testimony of an ordinary witness.   You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendants in order to further the witness's own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution.   If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

Hon. Leonard B. Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-8.

REQUEST NO. 26

**Cooperating Witness Testimony**

[If applicable]

You have also heard from witnesses who have testified that they were involved in criminal conduct, and who subsequently pled guilty to their criminal conduct pursuant to what is called a "cooperation agreement" with the Government.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted to participating in crimes.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury.  If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony.  Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony

73

establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution.  The fact that a witness is a cooperating witness can be considered by you as bearing upon his credibility.  It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful testimony.

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You heard testimony about cooperation agreements entered into between the Government and various cooperating witnesses.  I must caution you that it is no concern of yours why the Government made an agreement with a particular witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit

74

more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

> Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions, Instr. 7-5; from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in United States v. Projansky, 465 F.2d 123, 136-37 n.25 (2d Cir. 1972) (specifically approving charge set forth in footnote).

See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); see also United States v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

## Conclusion

In submitting these requests to charge, the Government reserves its rights to request additional or modified requests at or near the close of evidence.

Dated: New York, New York
      January 18, 2013

                            Respectfully submitted,
                            PREET BHARARA

                            United States Attorney for the

                            Southern District of New York

                            /s/
                *By*:  Jennifer E. Burns
                            Peter M. Skinner
                            Assistant U.S. Attorneys
                            (212) 637-2315/2601

CERTIFICATE OF SERVICE

**Certificate of Service  Filed Electronically**

The undersigned attorney, duly authorized to represent the United States before this Court, hereby certifies that on the below date, she served or caused to be served the following document in the manner indicated:

**Government's Requests to Charge**

Service via Clerk's Notice of Electronic Filing upon the following attorney, who is Filing User in this case:

Joel Cohen, Esq.
Jcesq99@gmail.com

Dated:      New York, New York
            January 18, 2013
                              Respectfully submitted,
                               PREET BHARARA

                              United States Attorney

                        By: ____/s/_____
                              Jennifer E. Burns
                              Assistant U.S. Attorney
                              Telephone:  212-637-2315