UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA                          :
:
        -v-                                      :
:    S2 11 Cr. 114 (MGC)
XING LIN,                                         :
    a/k/a "Ding Pa,"                              :
:
          Defendant.                         :
- - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - -x


**GOVERNMENT'S MOTION <u>IN LIMINE</u> TO PRECLUDE THE DEFENDANT FROM QUESTIONING GOVERNMENT WITNESSES ABOUT HIS OWN STATEMENTS**


                    PREET BHARARA
                    United States Attorney
                    for the Southern District of New York
                    Attorney for the United States
                        of America


JENNIFER E. BURNS
PETER M. SKINNER
Assistant United States Attorneys

    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :

UNITED STATES OF AMERICA          :

                                                 :

           -v-                               :

                                                 :         S2 11 Cr. 114 (MGC)

XING LIN,                                 :

        a/k/a "Ding Pa,"              :

                                               :

                       Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - -x

**GOVERNMENT'S MOTION <u>IN LIMINE</u> TO PRECLUDE THE DEFENDANT FROM QUESTIONING GOVERNMENT WITNESSES ABOUT HIS OWN STATEMENTS**

       The Government respectfully submits this memorandum in support of its motion <u>in limine</u> to preclude defendant Xing Lin from eliciting his own statements from the Government's witnesses, as such statements are hearsay.

### Background

**A.    The Defendant's Statements to the Government's Witnesses**

       The Government intends to call Huo Guang Chen ("Chen") in its case-in-chief at the defendant's trial. On or about December 11, 2011, the Government disclosed the following information to the defendant. In an interview with the Government, Chen informed the Government that he received a phone call from the defendant a few days after the July 30, 2004 shooting at issue in Counts One, Two and Three of the S2 11 Cr. 114 (MGC) Indictment. Chen informed the Government that the defendant stated the following, in sum and substance, during the phone call: "The shooter was a northerner. The shooter was dumb. I told the shooter, in Mandarin, 'Get rid of him.' I meant for the shooter to shoot him in the arm or leg, but the shooter misunderstood me and shot him in the chest."

The Government intends to call Li Qun ("Qun") in its case-in-chief at the defendant's trial. On or about August 1, 2012, the Government disclosed the following information to the defendant. In an interview with the Government, Qun informed the Government that in or about 2006, in Toronto, Canada, Qun met with the defendant. During this meeting, in sum and substance, the defendant asked Qun what people in Chinatown, New York, were saying about the July 30, 2004 shooting and what people thought of Lin. Qun answered that people were saying that Lin was responsible for the shooting. Lin responded that this was unfortunate and was why he had to flee the United States. Lin further stated that he did not have anything to do with the shooting, that he was at the karaoke club just to drink, and that all of the blame fell on his head.

## Argument

The defendant's statements to the Government's witnesses are hearsay. The Court should therefore preclude the defendant from asking the Government's witnesses about his statements to those witnesses.

A.      **Applicable Law**

    1.      **Hearsay**

Rule 802 of the Federal Rules of Evidence precludes the admission of hearsay statements as evidence. Fed. R. Evid. 802. Rules 801 provides that "hearsay" means a statement that:

> (1)   the declarant [the person who made the statement] does not make while testifying at the current trial or hearing; and
> (2)   a party offers in evidence to prove the truth of the matter asserted in the statement.

Fed. R. Evid. 801(c). "When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." United States v. Marin, 669

F.2d 73, 84 (2d Cr. 1982); accord United States v. Yousef, 327 F.3d 56, 153 (2d Cir. 2003).

### 2. Rule of Completeness

The Rule of Completeness is embodied in Federal Rule of Evidence 106, which provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time.

Fed. R. Evid. 106. The Advisory Committee explained that Rule 106 is grounded in two considerations: (1) "the misleading impression created by taking matters out of context"; and (2) "the inadequacy of repair work when delayed to a point later in the trial." Fed. R. Evid. 106, Advisory Committee Note.

The "Rule of Completeness" thus requires that an omitted portion of a defendant's statement be placed into evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure a fair and impartial understanding of the admitted portion. See United States v. Rivera, 61 F.3d 131, 135–36 (2d Cir. 1995); United States v. Alvarado, 882 F.2d 645, 650 n.5 (2d Cir. 1989). As the Second Circuit has made clear, the "completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999).

### B. Discussion

It is black-letter law that a defendant's own out-of-court statements are hearsay. See Fed. R. Evid. 802; United States v. Yousef, 327 F.3d at 153; United States v. Marin, 669 F.2d at 84. Courts thus routinely bar defendants from introducing their out-of-court statements at trial. See,

e.g., United States v. Coplan, — F.3d —, 2012 WL 5954654, at *30 (2d. Cir. Nov. 29, 2012) (precluding defendant from introducing his prior deposition testimony); United States v. Yousef, 327 F.3d at 153 (affirming district court ruling precluding defendant from introducing omitted portions of his prior written statement, which was admitted by the government with redactions); United States v. Demosthene, 334 F. Supp. 2d 378, 381 (S.D.N.Y. 2004) (precluding defendant from introducing his post-arrest statement).  Accordingly, the Court should bar Lin from questioning Chen and Qun about statements that Lin made previously to Chen and Qun.[1]

This is not a case where the Rule of Completeness would allow Lin to introduce hearsay statements that might otherwise be inadmissible.  At this time, the Government does not intend to introduce any portion of the two conversations at issue — (1) Lin's post-shooting phone call to Chen, and (2) Lin's 2006 meeting in Toronto with Qun.[2]  Since the Government will not ask Chen and Qun any questions about those conversations, Lin will not need to introduce omitted statements to explain the context of his admitted statements.  See Fed. R. Evid. 106.[3]

For these reasons, the Court should enter an order precluding Lin from questioning the Government's witnesses about his own statements.

---

[1]   Of course, Lin is free to take the stand and testify as to what he told Chen and Qun.  See United States v. Yousef, 327 F.3d at 153 (barring defendant from introducing portions of written statement, but holding that the defendant "could have testified to everything asserted in his statement").

[2]   The Government, as opposed to Lin, could introduce Lin's statements to Chen and Qun because the statements of a party opponent are not hearsay.  Fed. R. Evid. 801(d)(2)(A).

[3]   Should the Government change its mind and admit portions of Lin's conversations with Chen or Qun, the Court will need to consider whether any omitted portions substantially distort the meaning of the admitted portions.  See United States v. Yousef, 317 F.3d at 154.  This is an issue that the Court can address at trial in the event that the Government introduces Lin's prior statements to Chen or Qun but does not elicit the statements in their entirety.

**Conclusion**

For the reasons set forth above, the Court should grant the Government's motion <u>in limine</u> an order precluding defendant Xing Lin from questioning the Government's witnesses about Lin's statements to those witnesses.

Dated: New York, New York
January 20, 2013

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By:  S/_____
Jennifer E. Burns
Peter M. Skinner
Assistant United States Attorneys
(212) 637-2315 / 2601

AFFIRMATION OF SERVICE

Peter Skinner affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 the following:

That on January 20, 2013, I caused to be served by ECF and email one copy of the Government's Motion In Limine to Preclude the Defendant from Questioning Government Witnesses About His Own Statements to be served on Joel Cohen, Esq., counsel for defendant XING LIN.

 S/                               
Peter M. Skinner
Assistant United States Attorney
(212) 637-2601