UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
UNITED STATES OF AMERICA :
:
            -v- :
: S2 11 Cr. 114 (MGC)
XING LIN, :
     a/k/a "Ding Pa," :
:
                    Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - -x

# GOVERNMENT'S SUPPLEMENTAL NOTICE OF ENTERPRISE EVIDENCE
# AND MOTION IN LIMINE

                                PREET BHARARA
                                United States Attorney
                                for the Southern District of New York
                                Attorney for the United States
                                     of America

JENNIFER E. BURNS
PETER M. SKINNER
Assistant United States Attorneys

     - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
UNITED STATES OF AMERICA          :
                                      :
       -v-                          :
                                        :      S2 11 Cr. 114 (MGC)
XING LIN,                              :
     a/k/a "Ding Pa,"              :
                                        :
                   Defendant.     :
- - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - -x

## GOVERNMENT'S SUPPLEMENTAL NOTICE OF ENTERPRISE EVIDENCE AND MOTION IN LIMINE

The Government respectfully submits this supplemental memorandum to advise the Court and defense counsel of further acts committed by defendant XING LIN, a/k/a "Ding Pa," and others, in furtherance of the charged racketeering enterprise led by LIN (the "Ding Pa Organization" or the "Organization") that it may offer as part of the evidence at trial.

On December 21, 2012, the Government provided its first notice of enterprise evidence. That notice identified acts of the defendant and others that were committed in furtherance of the criminal enterprise charged in the Indictment. Since submitting its first notice, the Government has gathered evidence of additional acts committed by the defendant and others in furtherance of the enterprise. Those acts are identified here. They are admissible at trial for the reasons explained in the Government's first notice of enterprise evidence.

      July 2000 Gambling Parlor Shooting:  On or about July 16, 2000, LIN entered a gambling parlor located at 22 Orchard Street in the Chinatown neighborhood of Manhattan.  LIN approached the owner of the gambling parlor and put a gun to the owner's head.  LIN told the owner that he was not giving LIN "face" and that he was going to kill the owner.  The gambling

parlor owner begged for his life, and LIN agreed not to kill him.  During his assault of the gambling parlor owner, LIN fired his gun once.  Shortly after the incident, the New York City Police responded to a call for assistance and found a bullet lodged in the ceiling of the Orchard Street gambling parlor.

<u>September 2002 Gambling Parlor Shooting</u>:  In or about September 2002, LIN and at least one of his followers fired shots into a gambling parlor located at 109 East Broadway in the Chinatown area of Manhattan that was owned by Yi Feng, a rival gangster.  LIN and his follower fled.  Yi Feng's followers chased LIN and his follower down the street, caught them, and stabbed them both.[1]

<u>2006 to 2009 Toronto Gambling Parlors</u>:  From at least in or about 2006 until at least in or about 2009, during the time when LIN was living primarily in Toronto, Canada, LIN and his followers ran illegal gambling parlors in the Toronto area.  At one gambling parlor, which was located on Silver Star Boulevard in Toronto, LIN distributed narcotics, including methamphetamine, to his customers.

<u>2009 Extortion of Toronto Gambling Parlor Owner</u>:  In or about 2009, LIN and his followers attempted to extort the owner of a rival gambling parlor in Toronto.  LIN visited the gambling parlor with his followers on at least two occasions, threw tables and chairs around the gambling parlor, and drove away the gambling parlor's clientele.  LIN demanded 50% of the

---

[1]  The Government's first notice of enterprise evidence identified this shooting as having occurred in or about July 2000.  Further investigation has revealed that LIN was involved in <u>two</u> gambling parlor shootings in furtherance of his criminal enterprise — the shooting on or about July 16, 2000 at 22 Orchard Street and the shooting in or about September 2002 at 109 East Broadway.  Both of those shootings are described in this supplemental notice, and the descriptions of these two shootings supersede the description of the July 2000 shooting from the Government's first notice.

owner's profits, or, in the alternative, a lump sum $20,000 payment. LIN threatened harm to the gambling parlor's business if the owner did not give LIN what he demanded. The gambling parlor owner refused to pay LIN the money that LIN had demanded.

<u>December 2009 Assault of Gambling Parlor Owner</u>: In or about December 2009, LIN and his followers assaulted the gambling parlor owner who had refused to pay LIN. LIN and his followers came across the gambling parlor owner in a night club. LIN whispered in the ear of one of his followers, and the followers then proceeded to punch and kick the gambling parlor owner. While he was being beaten, LIN stated that he was going to beat the gambling parlor owner to death. Security from the nightclub broke up the beating. The gambling parlor owner was badly beaten and needed multiple stitches to close a cut to his eye. After he left the club, the gambling parlor owner was sitting in his friend's car. LIN came up to the car and yelled "I want you dead" at the gambling parlor owner.

**Conclusion**

For the reasons set in the Government's first enterprise notice and motion <u>in limine</u>, the Court should issue a ruling permitting the introduction at trial of the evidence of criminal acts identified in the first notice, as well as the evidence of criminal acts identified in this supplemental notice.

Dated: New York, New York
       January 27, 2013

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney
                              Southern District of New York

By:    S/_____
          Jennifer E. Burns
          Peter M. Skinner
          Assistant United States Attorneys
          (212) 637-2315 / 2601

AFFIRMATION OF SERVICE

Peter Skinner affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 the following:

That on January 27, 2013, I caused to be served by ECF and email one copy of the Government's Notice of Enterprise Evidence on Joel Cohen, Esq., counsel for defendant XING LIN.

 S/
Peter M. Skinner
Assistant United States Attorney
(212) 637-2601