UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          -v-

XING LIN,

          Defendant.

11-CR-114 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge:

Xing Lin has moved *pro se* pursuant to 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction in light of recently added subsection (c) to section 1B1.3 of the United States Sentencing Guidelines.[1] (ECF No. 124.) He is currently serving a 330-month term of imprisonment for racketeering conspiracy, racketeering, Hobbs Act extortion, and conspiracy to commit Hobbs Act extortion. For the reasons that follow, the Court denies Lin's motion.

Subsection (c) of section 1B1.3 of the United States Sentencing Guidelines went into effect on November 1, 2024. That subsection states that, when considering relevant conduct for determining the applicable guideline range, "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction." U.S.S.G. § 1B1.3(c).

---

[1] Section 3582(c)(1)(A), commonly known as the "compassionate release" statute, permits a court to reduce the sentence of a defendant who has exhausted his or her administrative remedies, if 1) "extraordinary and compelling reasons warrant such a reduction"; 2) the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence; and 3) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Lin argues that U.S.S.G. § 1B1.3(c) constitutes an intervening change of law that creates an extraordinary and compelling reason warranting a sentence reduction. *See Concepcion v. United States*, 597 U.S. 481, 500 (2022). However, as discussed *infra*, recently added subsection 1B1.3(c) does not affect the Court's previous determination of the guideline range for Lin's sentence, and therefore does not present an "extraordinary and compelling reason" warranting a sentence reduction.

On September 28, 2012, a grand jury returned an indictment charging Lin with racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); racketeering in violation of 18 U.S.C. § 1962(c) (Count Two); causing death through use of a firearm in the course of extortion and conspiracy to commit extortion in violation of 18 U.S.C. § 924(j) (Count Three); Hobbs Act extortion in violation of 18 U.S.C. § 1951 (Count Four); and conspiracy to commit Hobbs Act extortion in violation of 18 U.S.C. § 1951 (Count Five). (*See* Superseding Indictment, ECF No. 23.)

Seven months later, after an approximately two-week trial before a jury and Judge Miriam Goldman Cedarbaum, the jury convicted Lin of Counts One through Four but acquitted him of Count Five. Judge Cedarbaum sentenced Lin to life imprisonment on Counts One, Two, and Three, and 240 months imprisonment on Count Four, to run concurrent with the life sentences. (*See* Judgment, ECF No. 78; Oct. 21, 2014 Transcript of Sentencing, ECF No. 80 at 9.) Lin's conviction and sentence were subsequently affirmed by the U.S. Court of Appeals for the Second Circuit. *United States v. Xing Lin,* 683 F. App'x 41 (2d Cir. 2017).

One year later, following its decision in *Sessions v. Dimaya,* 584 U.S. 148 (2018), the U.S. Supreme Court vacated Lin's judgment and remanded the case to the Second Circuit for reconsideration in light of its decision in *Dimaya*. *Xing Lin v. United States,* 584 U.S. 972 (2018). The Second Circuit affirmed the judgment on remand. *United States v. Xing Lin,* 752 F. App'x 106 (2d Cir. 2019). Later that year, the Supreme Court decided *United Sates v. Davis,* 588 U.S. 445 (2019) and subsequently vacated Lin's judgment and remanded the case to the Second Circuit for reconsideration in light of *Davis*. *See Xing Lin v. United States,* 140 S. Ct. 98, 205 L. Ed. 2d 3 (2019). On remand, the Second Circuit vacated the judgment as to Count Three, affirmed the judgment as to Counts One, Two and Four, and remanded the case to this Court for resentencing. *United States v. Lin,* 792 F. App'x 139 (2d Cir. 2020). On June 8, 2022, Lin was resentenced to a below Guidelines term of imprisonment of 330 months, which included 330 months on Counts One and Two, running concurrent with each other, and 240 months on Count Four, running concurrent with Counts One and Two. (June 9, 2022 Amended Judgement, ECF No. 120.) The Second Circuit subsequently affirmed that Judgment. *United States v. Lin,* No. 22-1341-CR, 2023 WL 8711331 (2d Cir. Dec. 18, 2023).

In his motion for a sentence reduction, Lin contends that the guideline sentencing range used to inform the Court's determination of his current sentence improperly considered the conduct charged in Count Three, which had been vacated by the Second Circuit. Lin contends that the guideline range violates the new section 1B1.3(c) of the Sentencing Guidelines, which states that the relevant conduct considered by the Court in determining a guideline range "does not include conduct for which the

defendant was criminally charged and acquitted in federal court." U.S.S.G. § 1B1.3(c). However, the exclusion in section 1B1.3(c) creates an exception for "such conduct [that] also establishes, in whole or in part, the instant offense of conviction." *Id.* In other words, if the conduct underlying an offense for which the defendant was acquitted is *also* conduct that establishes, in whole or part, an offense for which the defendant was convicted, the Court may consider that conduct in determining the applicable guideline range.

That is what the Court did in this case. Although Count Three had been vacated by the Second Circuit by the time of resentencing, the offense contained in that Count, which included the murder of Chang Qin Zhou, was also charged in Count Two, the racketeering charge. (*See* Superseding Indictment, ECF No. 23 ("Racketeering Act One: Murder and Conspiracy to Commit Murder").) Lin was convicted on Count Two, and his conviction on that Count was affirmed three times by the Second Circuit. 683 F. App'x at 45; 752 F. App'x at 107; 792 F. App'x at 139. Because the murder of Zhou "also establishe[d], in whole or in part," the racketeering charge for which Lin was convicted, the Court properly considered that murder when determining the applicable guideline sentencing range. U.S.S.G. § 1B1.3(c); *see also* U.S.S.G. § 2E1.1 (the base offense level for unlawful conduct relating to racketeering includes "the offense level applicable to the underlying racketeering activity").

Moreover, even taking the murder of Chang Qin Zhou into account, the Court still resentenced Lin significantly below the guideline sentencing range of life imprisonment after considering "his rehabilitation; the conditions of confinement while at the MCC and the MDC in the past few years during COVID; and the fact that he will be deported upon serving his custodial term[,] . . . has maintained contact with his wife and children and . . . has a good relationship with his family." (July 8, 2022 Transcript of Resentencing, ECF No. 122 at 38.)

For the foregoing reasons, the Court's consideration of the murder that partly established Lin's racketeering conviction was proper, and Lin's motion for a sentence reduction pursuant to U.S.S.G. § 1B1.3(c) is denied.

3

The Clerk of Court is directed to mail a copy of this Opinion & Order to Xing Lin (# 91751-054), FCI Hazelton, Federal Correctional Institution, P.O. Box 5000, Bruceton Mills, WV 26525.

Dated: New York, New York
February 5, 2025

SO ORDERED:

Sidney H. Stein, U.S.D.J.